## Decheck v. Duquesne Light Co., Appellant.

Argued October 7, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Carl E. Glock*, with him *Reed, Smith, Shaw & McClay*, for appellant.

*W. W. Stoner*, of *J. M. Stoner & Sons*, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 23, 1931:

Plaintiff is the owner of a farm of 15¾ acres situated in Greentree Borough, Allegheny County, used for small fruit and gardening purposes. In 1926 defendant, a public utility corporation, erected across the eastern or narrow end of the property an electric transmission line extending over the property a distance of 559 feet, the wires, conveying 22,000 volts each of electricity, being strung on five wooden poles 42½ feet high and 125 feet apart. The line is located approximately 700 feet distant from the farm buildings. A board of viewers awarded plaintiff $600 damages, and upon his appeal to the court of common pleas, a verdict of $4,050 was rendered in his favor. A motion for a new trial ex parte defendant was refused and this appeal followed.

At this time we need only consider the first assignment of error, referring to refusal by the trial court to affirm defendant's first point, which requested the court to charge as follows: "In measuring the damages in this case, you will not consider the danger from the electric line breaking from the negligence of the company because the company would be liable in damages for any injury caused by negligence." This request should have been affirmed as a general proposition of law and especially in view of the testimony of the expert witnesses testifying to the damages sustained by reason of the erection and maintenance of the transmission line across the property. These witnesses said that in arriving at the injury done to the farm, in estimating the damages, they took into consideration the "incidental damages" to the property which would follow from the construction and maintenance of the line; in other words, they considered damages liable to happen or to follow as a chance feature or incident, which testimony would certainly indicate and permit the jury to include in their verdict damages resulting from defendant's negligent operation of its line, a clearly independent liability and one not properly included within the rule fixing the value of property before and after taking under condemnation proceedings. In Lamont v. West Penn Power Co., 300 Pa. 78, we distinctly held a landowner is not entitled to have witnesses, in estimating damages for land appropriated by an electric company, under the right of eminent domain, take into consideration injuries that may result from negligent construction and use of the wires placed over the land. The testimony of the witnesses referred to should have been restricted to the market value of the land before and after the taking, and the fact eliminated that "incidental" injury might hereafter result from improper construction of the line or its negligent use. The unexplained testimony of these witnesses in using the words "incidental damages" was no doubt prejudicial to defendant, and probably resulted

in a verdict for a greater amount than would otherwise have been awarded. As the case must be remitted for another trial, consideration of the other assignments of error need not be passed upon at this time.

Judgment reversed and a new trial granted.